IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KELLY S. TUNNELL,**

    **Plaintiff,**

    v.

**JASON B. GILL,** et al.,

    **Defendants.**

Case No. 14-3206-DDC-DJW

## MEMORANDUM & ORDER TO SHOW CAUSE

Plaintiff proceeds pro se on a complaint seeking relief under 42 U.S.C. § 1983, filed while plaintiff was a prisoner held at the Sedgwick County Detention Center in Wichita, Kansas. Plaintiff paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this matter, through automatic payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Plaintiff seeks damages for the alleged violation of his rights under the Fourth Amendment by five state law enforcement officers who arrested plaintiff at his home in April 2014 while executing an arrest warrant. Plaintiff alleges the five officers then searched the residence without a warrant and without plaintiff's consent.

The Court previously screened Plaintiff's Complaint under § 1915 but found that "a response from the five named defendants is warranted."[1] In a footnote, the Court noted Plaintiff's underlying federal criminal case, *U.S. v. Tunnell*.[2] The Court also denied Plaintiff's

---

[1] Doc. 12 at 2.

[2] Doc. 12 at 2, n.1. The Court identified the citation as 14-CR-1007-1, but this was a typo. The actual case number is 14-CR-10007-1. The Court takes judicial notice of Plaintiff's prior federal criminal action.

first motion to appoint counsel, subject to refiling after Defendants answered or otherwise pleaded.  On July 27, 2017, Defendants filed their Answer.[3]  In their Answer, Defendants concede seemingly material facts relevant to Plaintiff's claim: that Plaintiff was arrested pursuant to an arrest warrant *outside* his residence; that Plaintiff was twice asked to consent to a search of his residence; that Plaintiff twice denied permission to search his residence; and that Defendants searched his residence anyway without a warrant.  However, the Court directs Plaintiff to show good cause in writing as to why his case should not be dismissed as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Before the Court is Plaintiff's Motion to Appoint Counsel.[4]  This motion is unusual because aside from requesting counsel, Plaintiff states that his "claims in this case are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)."[5]  The Court cannot find a reference to *Heck* in the record of this case before Plaintiff's citation.  This is significant for two reasons.  First, it cuts against his argument that he is unable to present his claims—an element necessary for appointment of counsel.  Second, it raises the possibility that Plaintiff's claims are frivolous and/or fail to state a claim on which relief may be granted.  Under § 1915, the Court shall dismiss a case at any time for those reasons.[6]

*Heck* held that "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of available state, or federal habeas, opportunities to challenge the

---

[3] Doc. 15.

[4] Doc. 24.

[5] Doc. 24 at 1, ¶ 4.

[6] 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

underlying conviction or sentence."[7] Here, Plaintiff pleaded guilty in his underlying criminal case. The factual basis outlined in the plea agreement is as follows:

> On November 10, 2008, the defendant was convicted of being a felon in possession of a firearm in United States District Court for the District of Kansas.
>
> On April 2, 2014, in Wichita, Kansas, the defendant was found in possession of a 9mm Kel Tee, model P11, semi-automatic handgun, serial number S1 T62. He was also found in possession of methamphetamine that he intended to later distribute. The firearm was manufactured in Florida and therefore traveled in interstate commerce to come to Kansas.[8]

If the Court were to find that Plaintiff's Fourth Amendment rights were violated in the search of his residence, it would call into question the validity of his plea of guilty and sentence. As it stands, Plaintiff has not shown he achieved a favorable outcome or challenge regarding his underlying conviction or sentence. In light of *Heck*, the Court orders Plaintiff to show good cause in writing to Judge Crabtree as to why this case should not be dismissed for the reasons herein.

As for Plaintiff's motion to appoint counsel, the Court denies the motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the

---

[7] *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).

[8] *See* Case No. 14-cr-10071-JTM, Doc. 22 at 2.

prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering the above factors, the Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Indeed, Plaintiff admits his legal claims are not complex. Plaintiff's motion to appoint counsel is also well written, organized, and articulates his claims and arguments in a clear manner. Finally, as noted above, Plaintiff's citation of *Heck* indicates he is quite capable of advancing his case. Accordingly, the Court denies Plaintiff's motions to appoint counsel at this time. However, this denial is without prejudice. If it becomes apparent that appointed counsel is necessary as this case further progresses, Plaintiff may renew his motion.

**IT IS THEREFORE ORDERED BY THE COURT** that, within twenty-one (21) days of the date of this Order, Plaintiff shall show good cause, in writing, to Judge Crabtree as to why his case should not be dismissed for the reasons identified in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 15) is denied without prejudice.

Dated July 28, 2017, at Kansas City, Kansas.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge