# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KELLY S. TUNNELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JASON B. GILL, JUSTIN R. MANNING, )<br>JON GILL, ROBERT L. HEPHNER, and )<br>DANIEL R. MLAGAN, )<br>)<br>Defendants. ) | Case No. 14-3206-DDC |

## ORDER

This matter comes before the court upon the following motions brought by plaintiff, who is proceeding *pro se*: (1) Motion for Appointment of Counsel (ECF No. 48); and (2) Motion to Amend to Add John and Jane Doe Defendants (ECF No. 51). For the following reasons, these motions are denied.

I.

This is a federal civil rights case filed under 42 U.S.C. §1983 alleging a violation of the Fourth Amendment to the Constitution for conducting an illegal search and seizure of plaintiff's residence at the time of his arrest on April 8, 2014. The court has previously allowed plaintiff to proceed *in forma pauperis*.[1]

II.

Plaintiff seeks to amend his complaint to add "John and Jane Doe" defendants. These defendants represent other officers who were at the scene of the search of his residence. He asserts

---
[1] Order, ECF No. 12.

that he has asked defense counsel for the names of all officers who were involved in the search but defense counsel has not responded.

The deadline for filing motions to add additional parties was July 14, 2017. The discovery deadline was August 24, 2017. Plaintiff filed this motion on February 9, 2018.

Under Fed.R.Civ.P. 15(a), once a responsive pleading has been filed, "a party may amend only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Ordinarily, leave to amend will be freely granted absent "a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[2]

The court finds plaintiff's motion is untimely. He has offered no reason why this motion was not filed prior to the deadline for adding parties. He notes that he requested the names of the officers from defense counsel, but he provides no details on when he sought that information. He was aware of the deadline and made no effort to extend it. Under these circumstances, the motion is denied.

### III.

Plaintiff also seeks appointment of counsel. This is plaintiff's third request for appointment of counsel. In this motion, he contends (1) the issues in this case are complex; (2) defendants have filed a motion for summary judgment and he does not have the legal training to respond to the motion; (3) his previous filings were written by another inmate who is no longer available to him; (4) he does not have the ability to litigate this case; and (5) he has contacted three attorneys in the past 90 days, two of which did not respond and the other declined his request for representation.

---

[2] *Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

As has previously been pointed out by other judges in this case, there is no constitutional right to appointed counsel in a civil case.[3] However, 28 U.S.C. § 1915(e)(1) permits the court to "request an attorney to represent" a party proceeding *in forma pauperis*. The court emphasizes that § 1915(e)(1) merely permits the court to request an attorney to represent an indigent defendant in a civil case and does not authorize the court to require an unwilling attorney to take the case.[4] Thus, to the extent plaintiff requests the court to appoint counsel, the court lacks the power to do so. The court only may seek a volunteer attorney to represent him. Furthermore, Congress provides no method for compensating attorneys that take on a case under § 1915(e)(1), so attorneys who do so will usually be serving *pro bono*.[5] As a result, the court exercises this power sparingly.

Section 1915(e)(1) grants broad discretion for courts to request counsel to represent an indigent party.[6] In exercising its discretion, the Tenth Circuit directs district courts to consider: (1) the merits of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present the claims; and (4) the complexity of the issues raised by the claims.[7] "'The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.'"[8]

Based upon a review of these factors, the court is not persuaded that plaintiff's motion should be granted. Defendants have filed a motion for summary judgment raising several reasons why plaintiff's claims must fail. The court does not presume to predict how Judge Crabtree will rule on the motion. But the court concludes, after considering the relevant circumstances and the

---

[3] *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir.2006).
[4] *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir.2001).
[5] *Id*.
[6] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir.2009).
[7] *Sandle*, 201 F. App'x at 582.
[8] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir.2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir.1985)).

applicable law, that defendants have asserted arguments that suggest the lack of merit of plaintiff's claims. On the other factors, the court is not persuaded that the issues are so complex that plaintiff cannot properly address them. In fact, the record before the court shows that plaintiff has been able to properly litigate his claims. The court recognizes that plaintiff now contends that the inmate who previously helped him is no longer available. Nevertheless, plaintiff has recently responded to defendants' motion for summary judgment in a manner that suggests he is able to litigate his claims. Accordingly, plaintiff's motion for appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Amend to Add John and Jane Doe Defendants (ECF No. 51) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel (ECF No. 48) is denied.

**IT IS SO ORDERED.**

Dated this 16th day of March, 2018, at Topeka, Kansas.

>                               s/ K. Gary Sebelius
>                               K. Gary Sebelius
>                               U.S. Magistrate Judge